**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )    Case No. 26-CR-141-SLS |
| | ) |
| WENDY DALAITHY AMARAL | ) |
| AREVALO, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

**PLEA AGREEMENT**

The United States of America, through the Money Laundering, Narcotics and Forfeiture Section of the Criminal Division, United States Department of Justice ("United States" or "Government") and Wendy Dalaithy Amaral Arevalo ("Defendant") enter into the following agreement ("Plea Agreement"):

**Defendant's Obligations, Acknowledgments, Waivers**

1.    **Charges.** The Defendant agrees to plead guilty to Count One of the Information, which charges the Defendant with (1) willfully engaging in transactions or dealings in property or interests in property of foreign persons designated by the U.S. Department of the Treasury, Office of Foreign Assets Control ("OFAC") as materially assisting in, or providing support for or to, or providing goods or services in support of, the international narcotics trafficking activities of the significant foreign narcotics trafficker known as the Los Cuinis Drug Trafficking Organization ("DTO"), and/or being controlled or directed by, or acting for or on behalf of, Los Cuinis DTO, without first obtaining the required license from OFAC, and (2) engaging in transactions or dealings to evade and avoid, and that had the effect of evading and avoiding, the prohibition on transactions or dealings in property or interests in property of foreign persons; and aiding, abetting, and causing others to engage and attempt to engage in transactions and dealings to evade and avoid the prohibition on transactions or dealings in property or interests in property of said foreign person designated by OFAC as set forth above, all in violation of Title 21, United States Code, Sections 1904(c)(1), 1904(c)(2), and 1906(a)(1), and Title 18, United States Code, Section 2.

The Defendant acknowledges and will reaffirm at the time of the plea of guilty the truth of the facts set forth in the Statement of Facts signed by her, which is attached to this Plea Agreement and incorporated herein. As it pertains to the Defendant's plea of guilty, the Defendant hereby waives any and all affirmative defenses that may have been presented if this matter had proceeded to trial.

2.    **Potential penalties, assessments, and restitution.** The Defendant understands that the criminal penalty provisions to which the Defendant is pleading guilty carry a statutory maximum term of up to ten (10) years imprisonment and a fine of up to $10,000,000. The

Defendant also understands that she will not be able to withdraw her guilty plea if she believes the sentence the Court imposes is too harsh.

In addition, the Defendant agrees to pay a special assessment of $100 per felony conviction to the Clerk of the United States District Court before the date of sentencing, pursuant to Title 18, United States Code, Section 3013. The Defendant also understands that pursuant to Title 18, United States Code, Section 3571 and Section 5E1.2 of the United States Sentencing Guidelines Manual ("Sentencing Guidelines"), the Court may also impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release, and period of probation.

3.      **Sentencing Guidelines.** The Defendant understands that she will be sentenced according to 18 U.S.C. § 3553(a), upon consideration of the Sentencing Guidelines, which will apply to determine the Defendant's guidelines range.

Although not binding on the Court or the U.S. Probation Office, the parties agree that the following Sentencing Guidelines calculations, at minimum, apply in this case:

a.      The Sentencing Guidelines do not prescribe a specific offense conduct guideline for the offense to which the Defendant is pleading guilty; thus, a sentencing court applies the "most analogous offense guideline" pursuant to Section 2X5.1 of the Sentencing Guidelines;

b.      The parties agree that Section 2M5.1(a)(1) of the Sentencing Guidelines is the "most analogous offense guideline" because the offense for which she is pleading guilty involved a "national security control[]" within the meaning of that section;

c.      Under Section 2M5.1(a)(1) of the Sentencing Guidelines, the Defendant agrees that the base offense level for the crimes to which the Defendant is pleading guilty is **26.**

d.      The Defendant meets the criteria set forth in Section 4C1.1, "zero-point offender" provision, under the amendments to the Sentencing Guidelines that went into effect on November 1, 2023, decreasing the offense by **2 levels**;

e.      The parties agree that the Defendant may seek a downward variance from the otherwise applicable guidelines range established by the Sentencing Guidelines and the Court, pursuant to the factors set out in Title 18, United States Code, Section 3553(a). However, the Government may oppose any such arguments;

f.      The Government agrees that it will not seek an upward departure or adjustment from the agreed Guidelines level of 24.

2

The parties agree that the failure of the Court or the Probation Office to determine that Section 2M5.1(a)(1) is the most analogous offense guideline will not void this Plea Agreement.

Assuming the Defendant clearly demonstrates acceptance of responsibility to the satisfaction of the Government, through her allocution and subsequent conduct following the signing of this Plea Agreement and prior to the imposition of sentence, the Government agrees that a **2-level** reduction would be appropriate, pursuant to Section 3E1.1(a) of the Sentencing Guidelines. Furthermore, assuming the Defendant has accepted responsibility as described in the previous sentence, the Government agrees that an additional **1-level** reduction would be appropriate, pursuant to Section 3E1.1(b) of the Sentencing Guidelines, because the Defendant has assisted authorities by providing timely notice of her intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. At a Criminal History Category I and an adjusted offense level of **21**, the Sentencing Guidelines' range for the Defendant is between **37 to 46 months'** imprisonment. The Government further specifically agrees to recommend to the Court at sentencing that the Defendant receive a sentence no greater than the bottom of the applicable Guidelines range as calculated by the Government, to wit, 37 months. The Defendant understands that the Court will make any Sentencing Guidelines determinations.

Moreover, the Defendant understands that pursuant to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), the federal courts are not bound by the Sentencing Guidelines but must consult those Guidelines and take them into account when sentencing. The Defendant understands further that this means the Court may impose a sentence that is either more severe or less severe than the advisory Sentencing Guidelines range. The Defendant thus understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the Defendant may not withdraw her guilty plea if her sentence is at or below the statutory maximum sentence.

The Defendant is aware that the sentence has not yet been determined by the Court. The Defendant also is aware that any estimate of the probable sentencing range or sentence that the Defendant may receive, whether that estimate comes from the Defendant's attorney, or the Government, is a prediction, not a promise, and is not binding on the Government or the Court. The Defendant understands further that any recommendation that the Government makes to the Court as to sentencing, whether pursuant to this Plea Agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The Defendant understands and acknowledges that the Defendant may not withdraw her plea based upon the Court's decision not to accept a sentencing recommendation made by the Defendant, the Government, or a recommendation made jointly by both the Defendant and the Government.

The Defendant understands that the failure of the Court or the U.S. Probation Office to determine the guidelines range in accordance with the above calculations will not void this Plea Agreement or serve as a basis for the withdrawal of the Defendant's plea. The Defendant understands and agrees that she will not be allowed to withdraw the guilty plea entered pursuant to this Plea Agreement solely because of the harshness of any sentence recommended by the U.S.

Probation Office or imposed by the Court, and that a motion to withdraw the plea on that basis may be treated by the United States as a breach of this Plea Agreement.

The Defendant further understands that the sentence to be imposed is a matter solely within the discretion of the Court. The Defendant acknowledges that the Court is not obligated to follow any recommendation of the Government at the time of sentencing.

The Government reserves the right to dispute sentencing factors or facts material to sentencing and to use any information or material, whether or not obtained from the Defendant pursuant to this Plea Agreement, to correct any factual errors asserted by the Defendant.

Should the Defendant commit any conduct after the date of this Plea Agreement that would form the basis for an increase in her base offense level or justify an upward departure (examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to any law enforcement agent, probation officer, or Court) the Government is free under this Plea Agreement to seek an increase in the base offense level or an upward departure based on that post-agreement conduct.

4. **Removal.** The Defendant recognizes that pleading guilty may have consequences with respect to the Defendant's immigration status if the Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which the Defendant is pleading guilty. Because removal and other immigration consequences are the subjects of a separate proceeding, the Defendant understands that no one, including the Defendant's attorney or the District Court, can predict to a certainty the effect of the Defendant's conviction on the Defendant's immigration status. The Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any immigration consequences that the Defendant's plea may entail, even if the consequence is the Defendant's automatic removal from the United States.

5. **Waiver of Constitutional and Statutory Rights.** The Defendant understands that by pleading guilty in this case, she agrees to waive certain rights afforded by the Constitution of the United States and/or by statute, including the right to plead not guilty and the right to a jury trial. At trial, the Defendant would have the right to be represented by counsel, to confront and cross-examine witnesses against her, to compel witnesses to appear for the purpose of testifying and presenting other evidence on the Defendant's behalf, and to choose whether to testify herself. If the Defendant chose not to testify at a jury trial, she would have the right to have the jury instructed that her failure to testify could not be held against her. The Defendant would further have the right to have the jury instructed that she is presumed innocent until proven guilty, and that the burden would be on the United States to prove her guilt beyond a reasonable doubt. If the Defendant were found guilty after a trial, she would have the right to appeal the conviction. Additionally, the Defendant waives any right to have facts that determine her sentence under the Sentencing Guidelines alleged in the Information or found by a jury beyond a reasonable doubt.

4

The Defendant understands that the Fifth Amendment to the Constitution of the United States protects her from the use of self-incriminating statements in a criminal prosecution. By entering this plea of guilty, the Defendant knowingly and voluntarily waives or gives up this right against self-incrimination.

The Defendant agrees that with respect to the charge referred to in paragraph 1, she is not a "prevailing party" within the meaning of the "Hyde Amendment," 18 U.S.C. § 3006A, and will not file any claim under that law. The Defendant waives any right to additional disclosure from the Government in connection with the guilty plea.

7.      **Appeal Waiver.** The Defendant is aware that federal law, specifically 18 U.S.C. § 3742, affords the Defendant the right to appeal her sentence. The Defendant is aware that the Government's factual stipulations and predictions about the calculation of the Sentencing Guidelines are not binding on the sentencing judge. Knowing that, the Defendant waives any argument, insofar as such waiver is permitted by law, that the statute to which the Defendant is pleading guilty is unconstitutional; any argument that her admitted conduct does not fall within the scope of the statute; and waives the right to appeal her sentence or the manner in which it was determined pursuant to 18 U.S.C. § 3742, except to the extent that (a) the Court sentences the Defendant to a period of imprisonment longer than the statutory maximum, or (b) the Court departs upward from the applicable Sentencing Guidelines range pursuant to the provisions of Section 5K2.0 of the Sentencing Guidelines or based on a consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a). Further, the Defendant reserves the right to make a collateral attack upon the Defendant's sentence pursuant to 28 U.S.C. § 2255, if new and currently unavailable information becomes known to her. In agreeing to this waiver, the Defendant is aware that her sentence has yet to be determined by the Court. Realizing the uncertainty in estimating what sentence the Court ultimately will impose, the Defendant knowingly and willingly waives her right to appeal the sentence, to the extent noted above, in exchange for the concessions made by the Government in this Plea Agreement.

8.      **Pre-Sentencing Detention.** The Government agrees not to seek the Defendant's detention without bond prior to sentencing, though the Defendant agrees to surrender her passport and remain in the United States pending her sentencing in this case.

9.      **Reservation of Allocution.** The Defendant understands that the United States reserves its full right of allocution for purposes of sentencing in this matter. The United States further reserves the right to describe fully, both orally and in writing, to the sentencing judge the nature and seriousness of the Defendant's misconduct, including any misconduct not described in the charges to which the Defendant is pleading guilty. The United States also reserves the right to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report, and to contest any matters not provided for in this Plea Agreement.

The Defendant also understands that the United States retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding before the Bureau of Prisons. The United States reserves the right to appeal the sentence in this

5

case. The Government and the Defendant agree, in accordance with Section 1B1.8 of the Sentencing Guidelines, that the Government will be free to use against the Defendant for any purpose at the sentencing in this case any self-incriminating information provided by the Defendant pursuant to this Plea Agreement.

10.    **Notification to Court and U.S. Probation Office.** The United States will inform the Court and the U.S. Probation Office of all facts pertinent to the sentencing process, including all relevant information and conduct concerning the offenses committed, whether charged or not, as well as concerning the Defendant and the Defendant's background.

## General Conditions

11.    **Prosecution by Other Agencies/Jurisdictions.** The Money Laundering, Narcotics and Forfeiture Section agrees not to bring any additional charges against the Defendant for any federal criminal offenses related to the Defendant's transactions or dealings with a Designated Foreign Person which arose out of the Defendant's conduct described in the Statement of Facts. This Plea Agreement only binds the Money Laundering, Narcotics and Forfeiture Section, Criminal Division of the Department of Justice. It does not bind any other Unites States Attorney's Office or any other office or agency of the United States Government, or any state or local prosecutor. These individuals and agencies remain free to prosecute the Defendant for any offense(s) committed within their respective jurisdictions.

12.    **No Other Agreements.** No other agreements, promises, understandings, or representations have been made by the parties other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by the Defendant, the Defendant's counsel, and a prosecutor in this case, or made by the parties on the record before the Court.

6

13. **Voluntariness.** The Defendant represents to the Court that no threats have been made against her and that she is pleading guilty freely and voluntarily because she is in fact guilty, and represents to the Court that she is fully satisfied with the legal advice, guidance, and representation she has received from her attorney.

MARGARET A. MOESER
Chief
Money Laundering, Narcotics and
Forfeiture Section
Criminal Division
U.S. Department of Justice

Date: 1/23/26          By: _____

DOUGLAS MEISEL
LERNIK BEGIAN
Trial Attorneys

Approved by:

Date: 1/23/26          By: _____

KAITLIN J. SAHNI
Acting Unit Chief
Narcotic and Dangerous Drug Unit

7

## DEFENDANT'S ACCEPTANCE

I have reviewed this Plea Agreement with the assistance of an English-Spanish interpreter, and have discussed it at length with my attorneys, Jeremy Warren, Esq. and Devin Burstein, Esq. This Plea Agreement has been translated into Spanish for me. I understand that the English version controls. Furthermore, I have discussed this Plea Agreement at length with my attorneys. I fully understand this Plea Agreement and agree to the information contained within it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this Plea Agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in paragraph one (1).

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorneys in connection with this Plea Agreement, the accompanying Statement of Facts, and all matters related to it.

_____          _6 | 16 / 26_____
WENDY DALAITHY AMARAL AREVALO              Date
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I am the Defendant's attorney. I have fully explained to the Defendant, through an English-Spanish interpreter, the Defendant's rights and the applicable provisions of the Sentencing Guidelines. I have carefully reviewed every part of this Plea Agreement with the Defendant, through an English-Spanish interpreter. The Defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of the Defendant's plea of guilty.

_____          _6/16/26_____
JEREMY WARREN AND/OR DEVIN BURSTEIN        Date
Attorney(s) for Defendant