**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| v. | )    Case No. 26 -CR- 141 - SLS |
| | ) |
| **WENDY DALAITHY AMARAL** | ) |
| **AREVALO,** | ) |
| | ) |
| Defendant. | ) |

**AGREED FACTUAL PROFFER IN SUPPORT OF GUILTY PLEA**

Summary of the Plea Agreement

1.      Wendy Dalaithy Amaral Arevalo (the "Defendant") agrees to admit guilt and enter a plea of guilty to Count One of the Information, which charges her with (1) willfully engaging in transactions or dealings in property or interests in property of foreign persons designated by the U.S. Department of the Treasury, Office of Foreign Assets Control ("OFAC") as materially assisting in, or providing support for or to, or providing goods or services in support of, the international narcotics trafficking activities of the significant foreign narcotics trafficker known as the Los Cuinis Drug Trafficking Organization ("DTO"), and/or being controlled or directed by, or acting for or on behalf of, Los Cuinis DTO, without first obtaining the required license from OFAC, and (2) engaging in transactions or dealings to evade and avoid, and that had the effect of evading and avoiding, the prohibition on transactions or dealings in property or interests in property of foreign persons; and aiding, abetting, and causing others to engage and attempt to engage in transactions and dealings to evade and avoid the prohibition on transactions or dealings in property or interests in property of said foreign person designated by OFAC as set forth above, all in violation of 21 U.S.C. §§ 1904(c)(1), 1904(c)(2), and 1906(a)(1), and 18 U.S.C. § 2.

2.      This plea is made pursuant to Fed. R. Crim. P. 11(c)(1)(B), in that the parties have

agreed to a particular provision of the Sentencing Guidelines, and the Government has agreed to recommend a sentence of no more than 37 months, without binding the Court as to the ultimate sentence.

Elements of the Offense

3.  The parties agree that the essential elements of the offense of Engaging in Transactions or Dealings in Properties of a Designated Foreign Person, in violation of the Foreign Narcotics Kingpin Designation Act ("Kingpin Act"), 21 U.S.C. §§ 1904, 1906, each of which the Government must prove beyond a reasonable doubt, are:

4.  That the Defendant, a citizen of Mexico, is a foreign person;

5.  That the Defendant is an individual designated by OFAC under the Kingpin Act;

6.  That the Defendant endeavored, engaged, or attempted to engage in transactions or dealings in property, or interests in property, within the U.S. financial system, without first obtaining a license from OFAC; and

7.  That the Defendant willfully endeavored, engaged, or attempted to engage in transactions or dealings within the U.S. financial system.

Statement of the Facts

8.  The following statement of facts does not purport to include all of the Defendant's illegal conduct during the course of her charged offense.  It represents sufficient information for the Court to find a factual basis for accepting the Defendant's guilty plea and is not intended to represent all of the Defendant's relevant conduct for sentencing purposes.  Had the Defendant proceeded to trial, the Defendant agrees that the Government's evidence would show the following beyond a reasonable doubt:

9.  The Defendant is a foreign person, in that she is a citizen of Mexico, and was a

2

citizen of Mexico at all times relevant to the conduct charged in the Information.

10.     The Defendant was designated by OFAC pursuant to the Kingpin Act, 21 U.S.C. §§ 1901-1908, on August 19, 2015, for materially assisting the international narcotics trafficking activities of the Los Cuinis DTO and for acting for or on behalf of the Los Cuinis DTO.

11.     The Defendant endeavored, engaged, or attempted to engage in transactions or dealings in property, or interests in property, within the U.S. financial system as follows:

12.     IMG Academy ("IMG"), a private school in Bradenton, Florida, accepted the Defendant's son, G.G.A., as a student and entered into a contract with his mother—the Defendant.

13.     The Defendant entered into contracts with IMG, where she agreed to be financially responsible for her son's tuition so that he could attend the school from 2018 until 2023.

14.     Each year, the Defendant signed the contracts with IMG for her son to attend. Some years, she was listed as the only financially responsible party, while other years she listed a family member as an additional financially responsible party.

15.     IMG's internal accounting records, tracking expenses incurred by the student and payments made to the school, listed the Defendant as the "customer" with G.G.A. identified as the "participant."

16.     In total, between January 29, 2018, and August 30, 2022, IMG received $504,497.48 in tuition payments made by or on behalf of the Defendant for G.G.A.

Venue

17.     The Defendant agrees that venue and jurisdiction are proper in this Court pursuant to 18 U.S.C. § 3237.

Knowing and Willful Conduct

18.     The Defendant was aware that her transactions and dealings in property within the

U.S. financial system, as charged in the Information, were unlawful on account of the legal prohibition against engaging in transactions or dealings in property by OFAC-designated individuals without first obtaining a license from OFAC.

19.    The Defendant also agrees that her participation in the above-described acts was knowing, voluntary, and willful, and was not the product of accident, mistake of law or fact, duress, entrapment, or public authority.

20.     The Defendant is pleading guilty because she is in fact guilty.

Respectfully Submitted,

MARGARET A. MOESER
Chief
Money Laundering, Narcotics
and Forfeiture Section
Criminal Division
U.S. Department of Justice


BY:     *Kaitlin J. Sahni*
          _____
          Kaitlin J. Sahni
          Douglas Meisel
          Lernik Begian
          Trial Attorneys
          Money Laundering, Narcotics
          and Forfeiture Section
          Criminal Division
          U.S. Department of Justice
          1400 New York Ave., NW, 3rd Floor
          Washington, D.C. 20530
          (771) 241-0360
          Kaitlin.Sahni@usdoj.gov

## DEFENDANT'S ACKNOWLEDGMENT

I have reviewed this Statement of Facts with the assistance of an English-Spanish interpreter, and have discussed it at length with my attorneys, Jeremy Warren, Esq. and Devin Burstein, Esq. This Statement of Facts has been translated into Spanish for me. I understand that the English version controls. I fully understand this Statement of Facts and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this Statement of Facts fully.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement dated January 23, 2026. I am satisfied with the legal services provided by my attorney in connection with this Statement of Facts, the accompanying Plea Agreement, and all matters related to it.

_____         6/16/26
WENDY DALAITHY AMARAL AREVALO         Date
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I am the Defendant's attorney. I have fully explained to the Defendant, through an English-Spanish interpreter, the Defendant's rights and the applicable provisions of the Sentencing Guidelines. I have carefully reviewed every part of this Statement of Facts with the Defendant. The Defendant is agreeing to this Statement of Facts voluntarily, intelligently, and with full knowledge of all consequences of the Defendant's plea of guilty.

_____         6/16/26
JEREMY WARREN AND/OR DEVIN BURSTEIN      Date
Attorney(s) for Defendant